[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13924

Non-Argument Calendar

_____

KWEKU AGYEI,

                                                            Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A087-511-262

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Kweku Agyei, a native of Ghana, petitions for review of the order denying his motion for reconsideration of the denial of his motion to reopen removal proceedings. Agyei argues that he was eligible for cancellation of removal because, under *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), the government failed to provide a compliant notice to appear with the time and date of his removal hearing sufficient to initiate his removal and to end the period of his continuous physical presence in the United States. The Board of Immigration Appeals ruled that *Niz-Chavez* was limited to determining the information that must be included in a notice to appear to trigger the end of the period of continuous physical presence for cancellation of removal. It ruled that Agyei failed to establish eligibility for cancellation of removal because his removal order stopped the accrual of the period of his continuous physical presence, he failed to submit an application for relief in support of his motion, and he failed to identify qualifying relatives or the nature of the hardship they would suffer upon his removal. It also declined to *sua sponte* reopen proceedings based on the approval of his petition as a battered spouse under the Violence Against Women Act. We deny the petition.

We review only the Board's decision, except when the Board expressly adopts or explicitly agrees with the immigration

judge. *Thamotar v. U.S. Att'y Gen.*, 1 F.4th 958, 969 (11th Cir. 2021). We review the denial of a motion to reconsider for abuse of discretion, but we review *de novo* any underlying legal conclusions. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008). Although Agyei is currently proceeding *pro se*, his attorney filed a counseled brief before withdrawing from representation, so we do not liberally construe his counseled brief.

The Board did not abuse its discretion in denying Agyei's motion for reconsideration. The attorney general may cancel removal of a nonpermanent resident who has been physically present in the United States for a continuous period of at least ten years, been a person of good moral character, not been convicted of certain offenses, and establishes that removal would result in exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1229b(b)(1); *see id.* § 1229b(b)(2) (listing similar qualifications for battered spouses but requiring a continuous three-year period not subject to section 1229(d)(1) and unusual hardship to the alien, their minor child, or their parent). Under the stop-time rule, the period of continuous physical presence ends when the noncitizen is served a compliant notice to appear. *Id.* § 1229b(d)(1). A notice to appear sufficient to trigger the stop-time rule is a single document containing all the information required under section 1229(a)(1), including the time and place at which proceedings will be held. *Niz-Chavez*, 593 U.S. at 170; 8 U.S.C § 1229(a)(1).

Agyei argues that he was eligible for cancellation of removal based on his continuous physical presence in the United States

because, under *Niz-Chavez*, the government failed to provide a compliant notice to appear with the specific time and date of his removal hearing sufficient to trigger the stop-time rule. But Agyei was required to identify qualifying relatives and the nature of the hardship they would face from removal, *see* 8 U.S.C. § 1229b(b)(1), (2), and to apply for cancellation, 8 C.F.R. § 1003.2(c)(1). He only mentions hardship to his minor children in passing in his initial brief and never addresses his failure to apply for cancellation. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). In any event, the Board did not abuse its discretion in ruling that he failed to establish prima facie eligibility for cancellation of removal because he failed to apply for cancellation and failed to identify his minor children and the nature of the hardship they would suffer. *See* 8 U.S.C. § 1229b(b)(1), (2). And he has abandoned any challenge to the Board's discretionary decision not to *sua sponte* reopen based on the approval of his petition under the Violence Against Women Act by failing to challenge this decision in his initial brief. *Sepulveda*, 401 F.3d at 1228 n.2.

To the extent that Agyei argues that his removal proceedings were unlawful because he did not receive a compliant notice to appear, we disagree. An order of removal *in absentia* may be rescinded upon a motion to reopen filed at any time if the alien establishes that he did not receive notice. 8 U.S.C. § 1229a(b)(5)(C). An alien must establish that he did not receive notice through a notice to appear or a notice of hearing, whichever corresponds to the hearing at which he was ordered removed *in absentia*. *Campos-Chaves v. Garland*, 602 U.S. 447, 457 (2024); *see* 8 U.S.C. § 1229(a)(1),

(2). Even when an alien's notice to appear was defective, a later notice of hearing that includes the time and place of the hearing serves as effective notice. *Campos-Chaves*, 602 U.S. at 461–62; *see also Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1314 (11th Cir. 2022) ("[A] movant must show that he failed to receive the notice for the hearing at which he was ordered removed."). Even if Agyei's notice to appear was incomplete because it omitted the initial hearing date and time, that notice was not the one for the hearing he missed. *See Dacostagomez-Aguilar*, 40 F.4th at 1314. After initially being ordered removed, Agyei received a notice of hearing after the Board remanded for further proceedings. The immigration judge entered a removal order *in absentia* at the hearing following remand. Agyei cannot establish that he did not receive notice of the hearing where he was removed *in absentia* when he was personally served with notice stating the time and date of the hearing.

We **DENY** the petition for review.